UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Matthew Phillips</u>

    v.                                           Civil No. 13-cv-313-JL

<u>New Hampshire Circuit Court, 8th Circuit,</u>
<u>District Division-Keene;</u>
<u>Court Clerk Larry S. Kane; and</u>
<u>Judge Edward Burke</u>

**O R D E R**

    Plaintiff, Matthew Phillips, has filed a complaint in forma pauperis, alleging that defendants violated his rights under Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, by allegedly denying Phillips a reasonable accommodation for his mental illness, and by ordering him not to take prescribed antipsychotic medication, in the course of state court proceedings in which Phillips was a defendant charged with a violation-level offense.  The complaint is before this court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2).

<u>Background</u>

    Phillips has a severe mental illness and alleges that without taking the prescribed dose of a strong anti-psychotic medication, he cannot properly understand legal proceedings. Phillips was a defendant in a non-criminal proceeding in the New Hampshire Circuit Court, 8th Circuit - District Division, in

Keene, New Hampshire.  Four hearings were held in that court, and at each hearing, Phillips requested an unspecified accommodation of his mental health condition.  The state court denied each request.  The state court further ordered Phillips not to take his prescribed medication, which Phillips asserts hindered his ability to understand the proceedings, affected his emotional state, and prevented him from defending himself properly.  Phillips claims that the state court, the state court clerk, and the presiding state court judge all violated the Rehabilitation Act and Title II of the ADA, by ordering him not to take his medication, and by failing to provide him with a reasonable accommodation for his mental illness, during the relevant state court proceedings.  Phillips seeks both injunctive relief and damages on his claims.

## Discussion

I.   Standard for Preliminary Review

In determining whether a pro se complaint states a claim, the court construes the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken

2

as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

II.  Claims for Damages
    A.  Judicial Immunity

Judges are generally immune from suit for money damages with respect to acts performed within the scope of their jurisdiction, even if they err, or act with bad faith or malice.  See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).  In this case, the state court judge was acting in a judicial capacity, and within his jurisdiction, when he issued rulings relating to Phillips' requests for accommodations and medication.  See Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) (judge's determination regarding court's ability to provide accommodation to party who raised by motion his need for accommodation was judicial act); see also In re O'Neil, 159 N.H. 615, 622, 992 A.2d 672, 678 (2010) ("'The power of the judiciary to control its own proceedings, the conduct of participants, the actions of officers of the court and the environment of the court is a power absolutely necessary for a court to function effectively and do its job of administering justice.'" (citation

omitted)). Accordingly, Judge Burke is immune from Phillips' claims for damages.

    B.    <u>Individual Capacity Claims</u>

Title II of the ADA does not authorize claims for damages asserted against state officials in their individual capacities. <u>See</u> <u>Wiesman v. Hill</u>, 629 F. Supp. 2d 106, 112 (D. Mass. 2009). Similarly, the Rehabilitation Act does not authorize claims for damages against defendants sued in their individual capacities. <u>See</u> <u>Stewart v. Cal. Dep't of Educ.</u>, 493 F. App'x 889, 891 (9th Cir. 2012). Therefore, neither the ADA nor the Rehabilitation Act claims asserted by Phillips can proceed as individual capacity claims in this case.[1]

III. <u>Injunctive Relief</u>

Phillips seeks an order requiring the Keene court to accommodate people with several mental illness, and to engage a qualified mental health examiner to help defendants with mental

---

[1] Because individual capacity claims for damages are unavailable, the court need not consider whether the state court clerk is otherwise absolutely immune from such claims. <u>See generally</u> <u>Stein v. Disciplinary Bd. of Sup. Ct.</u>, 520 F.3d 1183, 1191 (10th Cir. 2008); <u>Aldrich v. Considine</u>, No. CIV.A. 13-11405-DPW, 2013 WL 4679722, at *9 (D. Mass. Aug. 29, 2013); <u>Azubuko v. Muirhead</u>, No. CA 12-165ML, 2012 WL 2360537, at *2 (D.N.H. June 6, 2012), <u>report and recommendation approved</u>, No. 12-CV-165-MML, 2012 WL 2360877 (D.N.H. June 20, 2012).

illness. Injunctive relief is not available in this case, however, because the pleadings indicate that the state court proceedings involving Phillips are over. Phillips is not representing a class of litigants; nor could he, as he has appeared pro se. Phillips has failed to show that any violation of his rights is likely to recur, and he has not alleged that he is likely to appear in any other proceeding in the state court in Keene. See Rafford v. Snohomish Cnty., C07-0947-RSL, 2008 WL 346386, at *2 (W.D. Wash. Feb. 6, 2008) (dismissing claims for injunctive relief where plaintiff did not show any likelihood of returning to courthouse), aff'd on other grounds, 349 F. App'x 245 (9th Cir. 2009); see also Bacchus v. Denver Dist. Court, No. 11-CV-03406-RBJ, 2013 WL 4461602, at *3 (D. Colo. Aug. 19, 2013) (ADA Title II claims for injunctive relief against state court are moot after conclusion of state court proceedings). Accordingly, Phillips's claims for injunctive relief are moot.

IV.  <u>ADA and Rehabilitation Act</u>

A plaintiff seeking relief under Title II of the ADA, 42 U.S.C. § 12132, must establish:

> (1) that he is a qualified individual with a disability;
>
> (2) that he was excluded from participating in, or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against; and
>
> (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability.

<u>Kiman v. N.H. Dep't of Corrs.</u>, 451 F.3d 274, 283 (1st Cir. 2006) (internal quotation marks and citation omitted).  "To establish a violation of § 504 of the Rehabilitation Act, a plaintiff must show (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." Rafford, 2008 WL 346386, at *3.  When a plaintiff brings suit under the ADA and Section 504, the public entity is vicariously liable for the acts of its employees.  <u>Id.</u>  Plaintiffs with disabilities may sue to require state courts to make reasonable accommodations to allow them to participate in legal proceedings.  <u>See, e.g.</u>, <u>Badillo-Santiago v. Andreu-Garcia</u>, 70 F. Supp. 2d 84, 90 (D.P.R. 1999).

The facts alleged in this case are sufficient to warrant service of the complaint with respect to Phillips's claims of disability discrimination under the ADA and the Rehabilitation Act.  Phillips has asserted plausible claims for damages under those authorities against the individual state court defendants, sued in their official capacities, and against the state court. Cf. United States v. Georgia, 546 U.S. 151, 159 (2006); Tennessee v. Lane, 541 U.S. 509, 533-34 (2004).

V.   Service

The clerk is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, electronic copies of this order and the complaint (doc. no. 1).  Within thirty days from receipt of these materials, the AG will submit an Acceptance of Service notice to the court specifying whether all of the defendants have authorized the AG to receive service on their behalf.  When the AG files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period for all defendants who accept AG representation.

If any defendants do not authorize the AG to receive service on their behalf, or the AG declines to represent any of

the defendants, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of those defendants.  In that event, the clerk's office is instructed to complete and issue a summons for each of those defendants, using the last known address provided, and forward the summonses, along with the above-listed documents, to the United States Marshal for the District of New Hampshire to complete service on those defendants in accordance with this order and Fed. R. Civ. P. 4(c)(3) and 4(e).

## Conclusion

For the foregoing reasons, the complaint shall be served, to the extent that it asserts claims for damages as to the state court and the individual defendants in their official capacities.  Plaintiff is granted fourteen days to show cause why this court, for reasons set forth above, should not dismiss all claims seeking injunctive relief and all claims asserted against defendants in their individual capacities.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  February 5, 2014
cc:   Matthew Phillips, pro se

8

9